**Document Electronically Filed**

David R. King, Esq.
HERRICK, FEINSTEIN LLP
210 Carnegie Center
Princeton, New Jersey  08540
(609) 452-3800 (phone)
(609) 520-9095 (fax)
dking@herrick.com

*Attorneys for Plaintiff Onex Credit Partners, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONEX CREDIT PARTNERS, LLC, a Delaware Company<br><br>                              Plaintiff,<br><br>          v.<br><br>ATRIUM 5 LTD., an Underwriter at Lloyd's, London individually, and in its capacity as representative Underwriter at Lloyd's, London for certain subscribing Underwriters at Lloyd's, London who subscribed to Policy # RC967307/127<br><br>                              Defendant. | Civil Action No. 2:13-cv-05629 (DMC)<br><br>**Jury Trial Demanded** |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Onex Credit Partners, LLC ("Onex") through its attorneys Herrick, Feinstein LLP, alleges the following as and for its complaint against Defendant Atrium 5 Ltd., an Underwriter at Lloyd's, London individually, and in its capacity as representative Underwriter at Lloyd's, London for certain subscribing Underwriters at Lloyd's, London who subscribed to Policy # RC967307/127 ("Defendant").

## STATEMENT OF THE CASE

1.  This is an action for payment of disability benefits under a Lloyd's of London Contract Frustration Insurance Policy, Policy Number RC967307/127 (the "Policy") owned by Plaintiff Onex and insuring against the total disability of Onex's former Co-CEO, Stuart Kovensky ("Mr. Kovensky").

2.  The policy at issue provides a $5,000,000 lump sum benefit to Onex in the event of the permanent and total disability of Mr. Kovensky as defined by the policy.

3.  Mr. Kovensky became permanently and totally disabled as defined by the policy in or around February 2011; however, Defendant, through its agent International Risk Management Group ("IRMG"), denied Onex's claim for benefits under the policy.

4.  Onex now seeks payment of the unpaid $5,000,000 disability benefit, plus interest.

## JURISDICITON AND VENUE

5.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 based on the diversity of the citizenship of the parties, and the fact that the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  In addition, this Court has personal jurisdiction over Defendant by virtue of the fact that: (a) Defendant offers and sells insurance to insureds who are domiciled in this district,

and has committed acts and/or material omissions in this district which have caused and continue to cause Plaintiff grave harm in this district; and (b) Defendant has consented to such jurisdiction under the terms of the Policy.

7. Venue is proper in this judicial district because Plaintiff maintains its principal place of business in this district, and this district is where a substantial part of the events giving rise to the injury occurred.

## THE PARTIES

8. Onex is a limited liability company organized under the laws of Delaware with a principal place of business located in Englewood Cliffs, New Jersey 07632.

9. Onex's members are comprised of citizens of Delaware, New York, and Ontario.

10. Onex is the owner of, and loss payee under, the Policy.

11. Defendant is an insurer of the Policy.

12. Defendant is a foreign entity organized under the laws of the United Kingdom with its principal place of business in the United Kingdom.

## STATEMENT OF FACTS

13. Defendant issued the Policy on or about October 31, 2007. A copy of the Policy is annexed hereto as Exhibit A.

14. The Policy provides, among other things, for a lump sum of $5,000,000 to be paid to Onex in the event of the permanent and total disability of the insured Stuart R. Kovensky ("Mr. Kovensky") as defined by the terms of the Policy.

15. "Permanently Totally Disabled" as defined by the Policy means:

> as a result of a covered Injury or Sickness, the Insured is permanently and totally unable to perform the substantial and material duties of his or her regular occupation as shown on the Schedule for the entire Elimination Period and is not expected to recover for the remainder of his or her life. The Insured must also be

under the regular care of Physician that is appropriate for the condition causing the disability.

16. At the time of his disability, Mr. Kovensky (or certain trusts or other entities created by him) owned 25% of Onex and was the Co-Chief Executive Officer, Co-Chief Investment Officer and a director of Onex.

17. As of December 31, 2010, Onex's 14 member team (excluding Mr. Kovensky) managed approximately $1.25 billion of assets under three strategies being executed through 16 clients, including two funds listed on the Toronto stock exchange.

18. Mr. Kovensky worked 60 to 70 hours per week under extreme stress.

19. Mr. Kovensky's job duties included investment and portfolio management as well as marketing activities (that required extensive travel) and investor relations.

20. In addition, Mr. Kovensky's job duties also included financial, operations, administration, regulatory compliance issues, and human resource management.

21. On March 3, 2010, while the Policy was in full force and effect, Mr. Kovensky was traveling on business for Onex in British Columbia, in Canada. While traveling, Mr. Kovensky suffered a significant heart event -- an acute aortic dissection, Type A, which is a tearing in the inner wall of the aorta causing blood to flow between the layers of the wall of the aorta, forcing the layers apart. Aortic dissection is a medical emergency that frequently leads to death.

22. Mr. Kovensky received emergency open-heart surgery, resulting in the replacement of his aortic valve, aortic root, and ascending aorta.

23. Mr. Kovensky continues to have a residual dissection of his aorta.

24. Following his heart event on March 3, 2010, Mr. Kovensky did not return to work during an extensive recovery period.

25. Thereafter, Mr. Kovensky tried to return to work in a limited capacity in June 2010. Mr. Kovensky attempted to return with a reduced workload including fewer hours, reduced responsibilities, and less travel.

26. However, by or before February 2011, experiencing stress from this limited return, and as a result of the aforementioned medical history, Mr. Kovensky ceased performing all substantial and material duties of his position with Onex.

27. On or about February 24, 2011, and as a result of the aforementioned medical history, Onex gave notice of its claim for benefits under the Policy based upon the permanent and total disability of Mr. Kovensky.

28. Over two years later, by letter dated April 4, 2013, Defendant denied Onex's claim for benefits under the Policy on the grounds that Mr. Kovensky is not permanently and totally disabled. A copy of Defendant's denial letter is annexed hereto as Exhibit B.

29. Mr. Kovensky continues to this date to be permanently and totally disabled as defined by the Policy and is unable to perform the material and substantial duties of his occupation.

### COUNT I
### (Breach of Contract)

30. Onex re-alleges and incorporates each of the foregoing paragraphs as if fully set forth herein.

31. Onex is the owner and beneficiary of the Policy.

32. Onex made a valid and timely claim for benefits under the Policy and Defendant has refused to pay the $5,000,000 benefit.

33. Onex has paid all premiums and has satisfied all of the terms of the Policy entitling it to full benefits thereunder.

34. Defendant has breached its contract with Onex by denying payment of benefits owed to Onex.

35. As a direct and proximate result of said breach, Onex has suffered and continues to suffer substantial damages entitling it to an award of damages as permitted by law.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

36. Onex re-alleges and incorporates each of the foregoing paragraphs as if fully set forth herein.

37. Onex provided notice of its claim for benefits under the Policy in or around February 2011.

38. Defendant failed to make a coverage determination until April 2013 -- over two years later.

39. No valid reason existed for such substantial delay in processing Onex's claim and Defendant knew or recklessly disregarded the fact that no valid reasons supported such substantial delay.

40. Moreover, no valid reason existed for denial of coverage, and Defendant knew or recklessly disregarded the fact that no valid reasons supported their denial of coverage.

41. As a direct and proximate result of the foregoing, Onex has suffered and continues to suffer substantial damages entitling it to an award of damages as permitted by law.

### **PRAYER FOR RELIEF**

WHEREFORE, Onex prays that judgment against Defendant be entered in its favor:

1. Declaring that Mr. Kovensky is permanently and totally disabled under the terms of the Policy;

      2.      Awarding Onex actual damages in the amount of $5,000,000, plus prejudgment interest, costs, and attorney fees; and

      3.      Awarding Onex such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Onex hereby demands a trial by jury of all issues in this action.

Dated:  December 13, 2013

              Respectfully submitted,

              By:   s/ David R. King
                    David R. King, Esq.
                    Herrick, Feinstein LLP
            210 Carnegie Center
            Princeton, New Jersey  08540
            (609) 452-3800 (phone)
            (609) 520-9095 (fax)
            dking@herrick.com

            *Attorneys Onex Credit Partners, LLC*

**Document Electronically Filed**

David R. King, Esq.
HERRICK, FEINSTEIN LLP
210 Carnegie Center
Princeton, New Jersey  08540
(609) 452-3800 (phone)
(609) 520-9095 (fax)
dking@herrick.com

*Attorneys for Plaintiff Onex Credit Partners, LLC*