NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONEX CREDIT PARTNERS, LLC, a Delaware Company,<br><br>Plaintiff,<br><br>v.<br><br>ATRIUM 5 LTD., an Underwriter at Lloyd's, London individually, and in its capacity as representative Underwriter at Lloyd's, London for certain subscribing Underwriters at Lloyd's London who subscribed to Policy RC967307/127, | Civil Action No. 13-5629 (JMV)<br><br>OPINION |

**FALK, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion [CM/ECF No. 119] to seal or restrict public access to portions of certain exhibits and briefing filed in support of and in opposition to Defendant's motion for summary judgment. The motion is opposed. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, Plaintiff's motion to seal is **granted**.

1

## BACKGROUND

This is a breach of contract action filed by Plaintiff Onex Credit Partners, LLC ("Onex") against its insurer, Defendant Atrium 5 LTD. ("Atrium"), based on a denial of an insurance claim under a "key-man" disability policy. Onex is an investment adviser and provides investment management services primarily to pooled investment vehicles with a focus on investments in loans. (Pl.'s Br. at 2.) On or about October 31, 2007, Onex purchased from Atrium a "key man" insurance policy ("Policy") insuring against the total disability of Onex's former Co-CEO, Stuart Kovensky ("Mr. Kovensky"). (Id. at 2-3.) The Policy provided a $5,000,000 lump sum benefit to Onex in the event of the permanent and total disability of Mr. Kovensky as defined by the Policy. (Compl. § 2.) On March 3, 2010, while traveling on business for Onex, Mr. Kovensky suffered an acute aortic dissection requiring life-saving emergency surgery. (Compl. §§ 21-22.) As a result of the medical event, Onex claims that Mr. Kovensky became unable to and ceased performing the substantial and material duties of his position with Onex. On February 24, 2011, Plaintiff submitted a notice of claim under the Policy for payment of the benefit based on the permanent total disability of Mr. Kovensky. On April 4, 2013, Atrium denied coverage on the grounds that Mr. Kovensky is not permanently disabled. (Compl. § 28.)

On September 20, 2013, Onex filed a two-count complaint against Atrium asserting breach of contract and breach of the covenant of good faith and fair dealing.

Plaintiff filed an Amended Complaint on December 16, 2013. Following dispositive motion practice, Atrium filed an Answer on October 10, 2014. The parties engaged in discovery during the course of which Onex produced millions of pages of business records. (Declaration of David R. King dated March 24, 2017 ("King Decl.") ¶ 10.) Onex, Mr. Kovensky, Mr. Kovensky's personal insurer, and Mr. Kovensky's health care providers also produced thousands of pages of documents including, medical records relating to Mr. Kovensky's past health and present health. (Id.) According to Onex, the documents were produced pursuant to a Stipulated Discovery Confidentiality and Clawback Order ("DCO") filed January 23, 2015, and have been maintained as confidential. (CM/ECF no. 42.)

Following the close of discovery, Atrium filed a motion for summary judgment on March 6, 2017.[1] On March 24, 2017, Onex filed this motion to seal.

## DISCUSSION

**A. Current motion**

Onex moves to seal, in whole or in part, documents attached to Atrium's motion

---

[1] Atium filed a Statement of Undisputed Facts, Declaration of Grant Ingram and Brief in support of its motion. It did not file the exhibits referred to in the Declaration of Grant Igram recognizing that Onex might claim that they were protected by the DCO. (Def.'s Br. at 5.) On March 10, 2017, Plaintiff requested, and the Court granted, an Order temporarily sealing all documents filed by Atrium because the documents cite information in the then unfiled exhibits which Onex maintains is confidential and should be sealed. (CM/ECF No. 110, 111.) On March 24, 2017, Atrium filed the exhibits under seal. (CM/ECF No. 114-116.)

3

for summary judgment and attached to Onex's opposition, as well to redact the parties' briefs and other moving papers which repeat, refer to, or disclose the information contained in the exhibits which Onex regards as confidential.[2]  According to Onex, the information that it seeks to seal and/or redact falls into four categories: (1) personal medical information relating to Mr. Kovensky, including but not limited to actual treatment records, and testimony and reports citing same; (2) personal financial information relating to Mr. Kovensky; (3) private Kovensky family photos; and (4) proprietary and trade business information belonging to Onex.[3]

**B.  Legal Standard**

Local Civil Rule 5.3(c) governs motions to seal or otherwise restrict public access in this District.  The Rule provides that a party seeking to seal materials shall file a motion describing "(a) the nature of the materials or proceedings at issue; (b) the

---

[2]Onex filed the instant motion seeking to seal in their entirety, or in part by way of redaction, exhibits attached to the Declaration of Grant Ingram filed in support of Atrium's motion for summary judgment, Atrium's moving brief and supporting documents that reference the exhibits, and Onex's opposition papers which attach and reference them.  Subsequent to the filing of the notice of motion, Onex clarified that it seeks to redact Atrium's reply papers also, including exhibits attached to the Declaration of George G. Weickhardt, Esq.  Onex has filed redacted versions, where appropriate, on the docket.

[3]In support of its motion, Onex submitted an Index of the exhibits in dispute, redacted copies of the exhibits, and redacted copies of the parties' memoranda of law and statements of undisputed facts for which Onex seeks a sealing Order.  (King Decl. Ex. A, B, C and D; Declaration of Heather Robinson ("Robinson Decl.") Ex. 2; CM/ECF No. 121.)  The Index also identifies two documents that Onex deems privileged and for which it has demanded a "clawback" from Atrium pursuant to terms of the DCO.  (King Decl. ¶ 13.)  The parties dispute each other's compliance with the DCO and Local Civil Rule 5.3(c).  The Court makes no finding as to the parties' compliance at this time and rules on the merits of the sealing motion based on the content of the documents at issue.

4

legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; [and] why a less restrictive alternative to the relief sought is not available. . . ." L.Civ.R. 5.3(c)(3). There is a presumption that materials presented to the Court and judicial proceedings are matters of public record and subject to public access. See In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). In order to overcome the presumption, the party moving to seal must show "good cause" to warrant the relief. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994); see also Zavala v. Wal-Mart Corp., 2007 WL 2688934, at *6 (D.N.J. Sept. 12, 2007) (the party seeking confidentiality must "show good cause exists to warrant confidentiality, and thus, the sealing of the disputed documents."). "[D]iscretion should be left to the court to evaluate the competing considerations in light of the facts of individual cases." Pansy, 23 F.3d at 789.

**C. Analysis**

The Court has reviewed the four categories of documents at issue against the standards set forth in the Local Rules and supporting case law and, for the reasons stated below, concludes that sealing or redaction is warranted.

*(i) Mr. Kovensky's personal medical information*

The Court notes at the outset that this litigation is a suit by Onex to recover benefits under a policy issued to Onex by Atrium. Mr. Kovensky is not a party to this lawsuit, does not have a financial stake in the litigation, and did not put his medical

5

history in issue. (King Decl. at ¶ 37.) The exhibits at issue contain, among other things, detailed medical records from the files of Mr. Kovensky's medical providers, as well as testimony from Mr. Kovensky's medical providers that recount the substance of his records, treatment, testing, history, diagnosis and prognosis. (King Decl. at ¶ 41.)

Medical records have long been recognized as confidential. See Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001) ("We have long recognized the right to privacy in one's medical information. . . ."); see also Skinner v. Ashan, 2007 WL 708972, at *2 (D.N.J. March 2, 2007); Delanoy v. Twp. of Ocean, 2015 WL 2235103 (D.N.J. 2015) (sealing plaintiff's private obstetric and gynecological treatment information utilized in defendants' motion to dismiss); Briglia v. Ameritas Life Ins. Corp., 2015 WL 4314062 (D.N.J. July 14, 2015) (sealing and redacting information in case for disability benefits); Rosario v. Doe, 2013 WL 3283903, at *3 (D.N.J. June 25, 2013) (sealing records containing private medical information). Moreover, medical records are protected under the Health Insurance Portability and Accountability Act ("HIPPA") and should be sealed. See Bertolotti v. AutoZone, Inc., 132 F. Supp. 3d 590, 609-10 (D.N.J. 2015).

There is no public interest in Mr. Kovensky's detailed medical records. The information is purely private in nature, the disclosure of which could cause irreparable harm to Mr. Kovensky. The Court finds that no less restrictive alternative is available. Accordingly, the Court grants Onex's motion to seal and/or redact these records.

### *(ii) Mr. Kovensky's personal financial information*

Mr. Kovensky is not a party to this litigation and consequently has not put his financial information at issue. While it is conceivable that his personal finances may be relevant to the merits or defenses to this litigation, there is no public interest in this information. See Adami v. Cardo Windows, 299 F.R.D. 68, 85-86 (D.N.J. 2014) (sealing documents containing salaries of individuals); Watson v. City of Salem, 934 F.Supp. 666 (D.N.J. Jan. 16, 1996) ( permitting the filing of documentation of financial status under seal).

There is a legitimate privacy interest in the materials sought to be sealed. It is clear that due to the privacy expectations of Mr. Kovensky, injury could result if this information were to be made public. See Platt v.Freedom Mortgage Corp., 2013 WL 6499252 (D.N.J. Dec. 11, 2013) (sealing exhibits containing personal information such as wage, salary and tax information of parties and non-parties). There is no public interest in Mr. Kovensky's financial information. No less restrictive alternative is available. The attempt to make this public is not legitimate. Accordingly, the Court grants Onex's motion to seal and/or restrict public access to these records.

### *(iii) Private Kovensky family photos*

Onex seeks to seal personal family photos of Mr. Kovensky's children and wife in swimsuits and work-out clothing. Neither Mr. Kovensky's wife nor his children are parties to this lawsuit. There simply is no public interest in these photographs. The

Kovenskys, who are not parties to this suit, have a privacy interest in the photographs deserving protection. This is particularly true as several of the pictures are of minor children and are personal in nature. See In re Paulsboro Derailment Cases, 2014 WL 4162790 (D.N.J. Aug. 20, 2014). Mr. Kovensky's wife and children have an inarguable interest in not having these private, intimate photographs publicly disclosed. Accordingly, the presumption of public access is overcome, and the Court finds that these materials should be sealed.

### *(iv) Proprietary and trade business information belonging to Onex*

Onex seeks to seal and/or redact documents it maintains the disclosure of which would reveal its investment decisions and strategies, finances, existing and potential investors and business plans. Onex describes itself as an investment advisor, which through its investment decisions, business practices and trading strategy over time, has built a successful business in a highly competitive sector. (Pl.'s Br. at 12.) Out of the 150 documents filed in connection with the pending dispositive motion, Onex has requested the sealing or redaction of less than 30, having determined them to be competitively sensitive. (Robinson Decl. ¶ 37.) Onex claims that it would lose competitive advantage if this information which reveals its investment decisions were made public.

After careful review of the documents, the Court finds that Onex's interest in maintaining the confidentiality of these documents outweighs any presumption of public

8

access to the records and that the public-at-large will suffer no adverse effect from non-disclosure. This Court has protected from disclosure materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a party's place in the marketplace. Fed.R.Civ.P. 26(c)(7). See Goldenberg v. Indel, Inc., 2012 WL 15909, at *3-4 (D.N.J. Jan. 3, 2012) (sealing exhibits that contained sensitive and confidential business information); AstraZeneca AB v. Ranbaxy Pharm., Inc., 2010 WL 11475492 (D.N.J. June 4, 2010) (sealing confidential business materials); Mars, Inc. v. JCM American Corp., 2007 WL 496816, *2 (D.N.J. Feb. 13, 2007); Bracco Diagnostics, Inc. v. Amersham Health, Inc., 2007 WL 2085350, at *8 (D.N.J. July 18, 2007).

Onex has a legitimate privacy interest in protecting this business and proprietary information and has established a clearly defined and serious injury that would result if materials at issue were not sealed. See Glenmede Trust Co. v. Thompson, 56 F.3d 476, 487 (3d Cir. 1995). Indeed, if such information were made public, competitors could become privy to Onex's investment and business strategies and conceivably could use the information to gain an advantage in the marketplace over Onex. For these reasons, the Court concludes these documents should be sealed or redacted to restrict public access.

## **CONCLUSION**

The Court has reviewed the four categories of documents which are the subject of this sealing motion and finds that Onex's interests in maintaining their confidentiality

outweighs the presumption of public access to these materials. According, Onex's motion to seal is **granted**.[4] A separate Order accompanies this Opinion.

|  | s/Mark Falk |
|---|---|
|  | **MARK FALK** |
| **Dated: September 27, 2017** | **United States Magistrate Judge** |

---

[4]As part of its motion, Plaintiff also seeks the sealing of two documents attached to the Declaration of Grant Ingram as Exhibits nos. 44 and 83 [CM/ECF No. 115, 116] on grounds that they are protected by the attorney-client privilege and demands their return pursuant to the parties' DCO. [CM/ECF No. 42] The privilege issue is not presently before the Court. The Court is unable to make a determination on the privilege question on this record. In an abundance of caution, the Court will grant, without prejudice, the sealing of the documents. To the extent the parties dispute whether the documents are privileged and should be returned, counsel should meet and confer in an attempt to resolve the issue. If the matter cannot be resolved without Court intervention, counsel can advise the Court in a letter of any ongoing dispute and request how best to present the matter to the Court for resolution.